# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 2000 Session

## MICHAEL A. RHODES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Rutherford County**
**No. F-34370A     James K. Clayton, Jr., Judge**

---

### No. M2000-00369-CCA-R3-PC - Filed July 27, 2000

---

This is an appeal arising from the summary dismissal of a petition for post-conviction relief. The trial court's dismissal was based upon the failure to file the petition within the one-year statute of limitations. Upon review of the record, we reverse and remand for further proceedings since the petition was filed within one year of the date of the final action of the Tennessee Supreme Court in the direct appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded.**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Michael A. Rhodes, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

### PROCEDURAL HISTORY

Petitioner was convicted in 1996 of second degree murder, facilitation of first degree murder, and criminal conspiracy. He was sentenced to three consecutive terms of 25 years for each offense, thereby receiving an effective sentence of 75 years. The convictions and sentences were affirmed by this court on direct appeal. See State v. Michael A. Rhodes, No. 01C01-9702-CC-00069, Rutherford County (Tenn. Crim. App. filed March 27, 1998, at Nashville). Permission to appeal was denied by the Tennessee Supreme Court on January 4, 1999.

Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. The petitioner alleged the Tennessee Supreme Court denied permission to appeal on January 4, 1999, and attached a copy of the order of denial. The incarcerated petitioner signed the petition on

December 28, 1999, and indicated on the petition that it was "being given to prison authorities for mailing" on December 30, 1999. It was stamped "filed" by the clerk's office on January 5, 2000.

The trial court summarily dismissed the petition noting the Court of Criminal Appeals "issued its ruling [on direct appeal] on March 27, 1998." The trial court, therefore, concluded the filing on January 5, 2000, was untimely under the statute of limitations. The order made no mention of the date the Tennessee Supreme Court denied permission to appeal; namely, January 4, 1999.

Petitioner contends the filing was within the applicable one-year statute of limitations. We agree.

## ANALYSIS

With limited exceptions, a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken. . . ." Tenn. Code Ann. § 40-30-202(a). The denial of permission to appeal by the Tennessee Supreme Court on January 4, 1999, was the triggering date for the statute of limitations, not the date this court affirmed the convictions. Thus, petitioner had until January 4, 2000, to file his petition.

The filing date is ordinarily the date "it is received by the clerk of the court," which was January 5, 2000. See Tenn. Sup. Ct. R. 28, § 2(G). However, a petition "filed by a *pro se* petitioner who is incarcerated is filed when it is received by the appropriate prison authorities for mailing." Id. In this case, the *pro se* petitioner was incarcerated; therefore, the filing would be timely if the petition was received by prison officials for mailing on or before January 4, 2000.

The petitioner signed the petition on December 28, 1999, and alleged it was to be delivered for mailing on December 30, 1999. Regardless, it was stamped "filed" in the clerk's office on January 5, 2000; therefore, it was mailed prior to that date. We can only conclude that it was mailed on or before January 4, 2000, which was within the statute of limitations.

## CONCLUSION

Based upon our review of the record, the judgment of the trial court is reversed. The case is remanded for further proceedings.

_____
ALAN E. GLENN, JUDGE